**SO ORDERED.**

**SIGNED this 04 day of January, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

ALLISON R. SESSOMS,                                        CASE NO. 09-10139-8-JRL

    DEBTOR.                                                  CHAPTER 13


### ORDER

    This matter came before the court on Ocwen Loan Servicing LLC's motion for relief from the automatic stay.   A hearing took place in Wilmington, North Carolina on December 14, 2011.

    The debtor filed for relief under chapter 13 of the Bankruptcy Code on November 20, 2009.  Ocwen Loan Servicing LLC ("Ocwen") is the holder of a note and deed of trust signed by the debtor.  The deed of trust pledged the debtor's residence[1] as security for the obligation under the note.  Under the terms of the debtor's petitions and schedules, she was to make monthly payments to Ocwen directly, rather than through her chapter 13 plan.

    On September 26, 2011, Ocwen filed a motion for relief from the automatic stay, stating

_____

[1] Specifically, the deed of trust grants a lien on the real property known as 323 Virginia Avenue, Wilmington, North Carolina 28401.

that the debtor "has defaulted under the payment provisions of the [note and deed of trust]." More specifically, Ocwen claimed that the debtor was "still due for a sum not less than $3,647.38." On October 13, 2011, the debtor filed a response to Ocwen's motion, denying that she was delinquent, "as her mortgage payment is being paid by automatic bank draft." Furthermore, the debtor asserted that she had entered into a loan modification with Ocwen.

At the hearing, the debtor testified that she had entered into a loan modification agreement with Ocwen, and from the time of that modification, all payments had been made via automatic bank draft from the debtor's mother's bank account. In support of her testimony, the debtor provided a copy of the loan modification agreement and her mother's bank statement ("bank statement"). The loan modification agreement called for the debtor to make an initial payment of $688.37 by February 1, 2011, and subsequent monthly payments of $577.69. The debtor testified that she made the initial payment, and the bank statement indicated that the subsequent monthly payments of $577.69 had been automatically processed and paid to Ocwen. Ocwen provided absolutely no evidence to support its position that the debtor was in default.

Based on the foregoing, Ocwen's motion for relief from the automatic stay is **DENIED.** Furthermore, because of the complete lack of evidentiary support, Ocwen is ordered to show cause why it should not be sanctioned for filing a baseless motion for relief from the automatic stay, pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(1)(B). The hearing on the order to show cause is set for January 18, 2012 at 10:30 a.m., in Wilmington, North Carolina.

**"END OF DOCUMENT"**